# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **EUGENE HORTON,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**MARVIN POWERS, et al.,** )<br>)<br>**Defendants.** ) | Civil Case No.  02-214-JPG |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is plaintiff's motion for a temporary restraining order or preliminary or permanent injunction and a request that the Court dispense with the security requirement (Doc. Nos. 45, 46).  Plaintiff, currently an inmate at Pontiac Correctional Center, filed this § 1983 action for damages and other relief, challenging the conditions of his confinement at Tamms Correctional Center in December, 2001.  In his Amended Complaint, plaintiff alleges that he did not receive appropriate medical and psychological care for pain and psychological ailments (Count I), that he was subjected to unreasonable strip searches (Count II) and that he was mistreated because he filed litigation (Count IV) (Doc. Nos. 7, 15).  Plaintiff seeks an order directing the defendants to implement health care procedures and provide immediate medical treatment for his painful ailments.

In order to obtain a temporary restraining order, plaintiff must demonstrate that:  (1) no adequate remedy at law exists;  (2) he will suffer irreparable harm if the injunction is not granted;  (3) the irreparable harm he will suffer outweighs the harm to the defendants if the injunction is granted;  (4) he has a reasonable likelihood of prevailing on the merits;  and (5) the injunction will not harm the public interest. *Somerset House, Inc. v. Turnock*, 900 F.2d 1012, 1014-15 (7th Cir.1990).

In order to establish that he is entitled to a preliminary injunction, plaintiff must show that he has some likelihood of success on the merits of his claim, that he does not have an adequate remedy at law, and that he will suffer irreparable harm if the injunction is not granted. *Storck USA, L.P. v. Farley Candy Co.*, 14 F.3d 311, 313-314 (7th Cir. 1994). Injunctive relief in this type of case must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2).

The materials on file show that plaintiff was diagnosed with chronic hypertension in 1997. During plaintiff's confinement at Tamms Correctional Center, defendants Powers and Griswald prescribed medication. However, defendants Powers, Griswald and Caliper did not treat plaintiff's complaints of pain between 2001 and 2005. In April, 2005, plaintiff arrived at Pontiac Correctional Center.

These facts do not support a finding that plaintiff has a likelihood of success on the merits of his § 1983 claims. Moreover, no facts show that plaintiff is not receiving treatment for serious medical problems or that any of these defendants have the ability to attend to plaintiff's medical needs at Pontiac Correctional Center. Under these circumstances, injunctive relief is not appropriate.

IT IS RECOMMENDED that plaintiff's motion for various forms of injunctive relief and to dispense with the security requirement (Doc. Nos. 45, 46) be DENIED.

SUBMITTED:     June 30, 2005     .

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**