IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| EUGENE HORTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Case No.   02-214-JPG |
| vs. | ) | |
| | ) | |
| MARVIN POWERS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

**FRAZIER, Magistrate Judge:**

Before the Court are pending motions.  The first item considered is defendant Griswald's motion to vacate entry of default (Doc. No. 67).  This Court will vacate an entry of default when the moving party shows:(1) good cause for default, (2) quick action to correct it; and (3) a meritorious defense to plaintiff's complaint.  *O'Brien v. R.J. O'Brien & Associates, Inc.*, 998 F.2d 1394 (7th Cir. 1993).

After evaluating the allegations in plaintiff's Amended Complaint, the Court dismissed some claims and ordered defendant Griswald to respond to part of plaintiff's Eighth Amendment claim (alleging that Griswald failed to provide a physician to evaluate complaints of scrotal pain) and plaintiff's First Amendment claim (alleging that Griswald restricted plaintiff's assess to medical care in retaliation for his civil rights litigation)(Doc. No. 15).  Griswald's former employer retained counsel to represent her in this action.  Griswald waived service but did not notify her former employer that she had done so.  Griswald's counsel did not notice that the U.S. Marshals Service had filed a return showing that service had been executed and failed to file a responsive pleading on her behalf.  The Clerk entered default on July 18, 2005.  Griswald filed a motion to vacate the

default the following day and, at the Court's direction, recently supplemented that motion. Griswald is prepared to deny that she reacted to plaintiff's serious medical needs with deliberate indifference and will also deny that her conduct caused injury. Plaintiff argues that Griswald's counsel should have discovered that Griswald had been served. He claims that Griswald's default has interfered with pretrial preparations.

The Court finds that the breakdown in communication between Griswald and her former employer excuses her failure to file a timely responsive pleading and qualifies as good cause for the default. The Court also finds that Griswald took quick action to vacate the entry of default and can raise potentially meritorious defenses to plaintiff's damage claims. Accordingly, Griswald's motion to vacate entry of default (Doc. No. 67) is GRANTED. By September 15, 2005, Griswald shall electronically file her Answer to the Amended Complaint.

Also pending is plaintiff's motion for appointment of counsel (Doc. No. 84). Although civil litigants have no constitutional or statutory right to be represented in federal court, *Caruth v. Pinkney*, 683 F.2d 1044, 1048 (7th Cir. 1982), the Court may, in an appropriate case, exercise its discretion to recruit an attorney to represent a person who is unable to afford counsel. 28 U.S.C. § 1915(e)(1); *Mallard v. United States District Court*, 109 S.Ct. 1814 (1989); *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993).

Plaintiff is not able to afford counsel. He made a reasonable effort to retain counsel, without success. A portion of his case survived threshold review and is currently in the pretrial phase. At this stage of the proceedings, pro se litigants have the benefit of some special rules, including special notice if the defendants seek entry of summary judgment. *See Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992). The critical skills at this phase include the ability to understand and evaluate the claims and defenses, the ability to gather and exchange information, and the ability to prepare and

respond to motions.

Plaintiff is challenging the conditions of his confinement. He can read and write. His claim is not complex. Plaintiff made an effort to resolve his claim and understands the nature of the dispute. He has litigation experience and is able to comprehend and follow rules of procedure. Although plaintiff is in prison, he has personal knowledge of relevant facts and appears to have reasonable access to documents describing his commitment and care, postal services, library services, legal materials, and photocopy services. See 20 Ill. Admin. Code Parts 107, 525, 430. He can use these tools to determine which laws and rules govern his case, gather and exchange information, and effectively communicate with the Court and other parties.

Plaintiff is competent to represent himself throughout the pretrial phase of this litigation. However, the skills that permit plaintiff to represent himself during this phase of the litigation may not suffice at trial. Accordingly, plaintiff's motion (Doc. No. 84) is DENIED without prejudice to his right to seek representation for purposes of trial.

Also pending is plaintiff's motion to strike (Doc. No. 83), which is CONSTRUED as a motion to withdraw his motion for partial summary judgment. That motion (Doc. No. 83) is GRANTED and the motion for partial summary judgment (Doc. No. 61) is WITHDRAWN.

Also pending is an unopposed motion for additional time to serve responses to outstanding discovery (Doc. No. 80). That motion is unopposed and GRANTED. Defendants Powers and Griswald shall serve responses to outstanding discovery by September 15, 2005.

Also pending is plaintiff's motion to vacate or strike his deposition testimony. Because plaintiff's deposition testimony has not been offered as evidence in this case, the motion (Doc. No. 91) is DENIED as premature. If inadmissible deposition testimony is offered as evidence at some point in this proceeding, plaintiff may object to the evidence at that time. Fed. R. Civ. P. 32(b).

**SO ORDERED:   September 9, 2005   .**

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**