UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

EUGENE HORTON,

    Plaintiff,

v.                                                                  Case No. 02-cv-214-JPG

MARVIN POWERS, *et al.*,

    Defendants.

## MEMORANDUM AND ORDER

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 137) of Magistrate Judge Philip M. Frazier recommending that the Court grant the motions for summary judgment filed by defendants Powers, Griswold, Welborn and Snyder (Docs. 119 & 123). Plaintiff Eugene Horton ("Horton") has objected to the Report (Doc. 138), as have defendants Powers and Griswold (Doc. 139).

After reviewing a magistrate judge's report and recommendation, the Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in the report. Fed. R. Civ. P. 72(b). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

This matter stems from an alleged assault on Horton on December 12, 2001, and the alleged failure to provide proper medical treatment afterward (Count I). Horton claims that his improper treatment occurred because of his race and his litigation activities (Count IV).[1]

---

[1] At some points, the Report inadvertently refers to Count IV as Count III. Count III was dismissed at an earlier stage of this case, and Count IV, which is at issue in this motion, contains equal protection and retaliation claims.

The Report finds that there is no evidence from which a reasonable jury could find that defendants Powers and Griswold were deliberately indifferent to Horton's medical needs or were motivated in any way by Horton's race.  The Report further finds that there is no evidence from which a reasonable jury could find that defendants Welborn and Snyder were motivated by Horton's filing of a lawsuit or by his race or that they were personally involved in any relevant events.

Horton objects to a number of aspects of the Report, which the Court has reviewed *de novo*:

- He objects that the Report does not include defendants Ashworth and Massey in its description of Count II.  Those defendants were included in Count II originally, but Ashworth has been dismissed from this case (*see* Docs. 117 & 118).  Count II remains pending against Roper and Massey.

- He objects that the Report does not name Ashworth in Count IV.  The Report omitted this name since Ashworth has been dismissed from this case (*see* Docs. 117 & 118).

- He objects to the Report's crediting Horton's statements in his deposition because he says they were obtained by coercion.  He has not provided sufficient evidence of coercion to convince the Court that his statements under oath were not voluntary or were unreliable, and the Report was right to hold him to his testimony.

- Horton objects to several factual findings in the Report.  Those findings are either irrelevant to the Report's ultimate conclusions or are the only reasonable inferences a jury could draw from the evidence in the record.  For example, the evidence is uncontested that Powers did not note any serious medical need regarding Horton's testicles at his January 3, 2002, doctor's appointment and that no serious need was reflected in Horton's medical records.

The Court has further reviewed the unobjected portions of the Report for clear error and finds none.  For these reasons, the Court rejects Horton's objections, will grant the defendants' motions for summary judgment, will enter judgment for defendants Powers and Griswold on the remaining portion of Count I and on the equal protection claim in Count IV, and will enter judgment for defendants Welborn and Snyder on the equal protection claim and the retaliation

claim in Count IV.

Defendants Powers and Griswold object to the Report's finding that there will still be claims in this case against them if the Court grants their motion for summary judgment. The Court has carefully reviewed its order of March 15, 2005 (Doc. 15), which states, in pertinent part:

> For ease of discussion, Plaintiff's allegations may be categorized as four basic claims. First, defendants were deliberately indifferent to Plaintiff's medical needs, in violation of the Eighth Amendment, by refusing to administer Plaintiff's blood pressure medication while he was being transported to Urbana, Illinois, for a hearing, and later, by failing to provide adequate medical treatment for his physical and psychological injuries. Second, defendants subjected him to improper strip searches and sexually assaulted him during one of these searches. Third, defendants refused to allow Plaintiff to file grievances. Fourth, defendants' misconduct was motivated by racial animus, indifference to his disability, and in retaliation for having filed *Horton v. Koch*.

It has also reviewed the proceedings in this case and takes issue with the Report's assessment of the remaining claims in this case. The Court has determined that the following claims will remain in this case after entry of this order:

> Count I: A claim against Caliper, Welborn and Snyder for being deliberately indifferent to Plaintiff's medical needs in violation of the Eighth Amendment by failing to provide adequate medical treatment for his physical and psychological injuries
>
> Count II: A claim against Roper and Massey for subjecting him to improper strip searches and sexual assault during one of these searches in violation of the Fourth and Eighth Amendments
>
> Count IV: A claim against Caliper, Roper and Massey for misconduct motivated by racial animus in violation of the Fourteenth Amendment's equal protection guarantee; a claim against Powers, Caliper, Griswold, Roper and Massey for misconduct in retaliation for Plaintiff's having filed *Horton v. Koch* in violation of the First Amendment.

For the foregoing reasons, the Court **ADOPTS** the Report (Doc. 137) as **MODIFIED** by this order, **GRANTS** the pending motions for summary judgment (Docs. 119 & 123), and

3

**DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED: September 12, 2006**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
